Karl **KELSO**, d/b/a **Kelso Drywall Company, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 74–C–266.**

United States District Court, N. D. Oklahoma, Civil Division.

Dec. 13, 1974.

Charles C. Dunn, Tulsa, Okl., for plaintiff.

Robert E. Noel, Tax Division, U. S. Dept. of Justice, Washington, D. C., for defendant.

## ORDER

DAUGHERTY, District Judge.

This is an action by a taxpayer against the United States of America for determination that certain taxes assessed against him by the United States are invalid and for the return of certain token payments made by him on the assessments. Plaintiff also seeks to enjoin the United States from taking any steps toward the collection of the taxes in question. Plaintiff has alleged two causes of action arising out of the same basic operative facts.

For his first cause of action Plaintiff alleges that he is engaged in the drywalling business in Tulsa, Oklahoma; that Defendant audited his books for the years 1968, 1969, and 1970 and determined that Federal Insurance Contribution Taxes and Federal Unemployment Taxes had not been paid on the earnings of several persons employed by Plaintiff and assessed Federal Insurance Contribution Taxes and Federal Unemployment Taxes thereon. At the suggestion of a Collections Officer employed by the Internal Revenue Service Plaintiff made token payments on the assessments and simultaneously filed a claim for refund. More than six months have passed since Plaintiff filed the claim for refund and no action has been taken by the Internal Revenue Service. Plaintiff therefore assumes that his claim has been rejected and has brought this action. It is

Plaintiff's position that the persons upon whose earnings the abovementioned taxes were assessed were not his employees upon whose earnings such taxes must be paid but were, in fact, independent contractors.

For his second cause of action, Plaintiff alleges that he filed a timely protest to the Report of Estimated Deficiencies which resulted from the abovementioned audit of his books. The protest was mailed on September 29, 1971 and was received by the Internal Revenue Service on October 1, 1971. Defendant did not acknowledge receipt of the protest until October 11, 1972. Defendant filed a tax lien against Plaintiff prior to its acknowledgment of Plaintiff's protest. It is Plaintiff's position that the tax lien is void and he has sought its release. Defendant has refused to release it. Plaintiff states that he has been brought to the verge of bankruptcy by reason of the tax lien imposed by Defendant. Plaintiff's prayer for relief in his second cause of action is that Defendant be enjoined from taking any action toward the collection of any tax assessed against him as a result of the abovementioned audit until the first cause of action has been determined on its merits.

Defendant has filed a Motion to Dismiss the second cause of action which Motion is currently at issue before the Court. The Motion states four grounds for dismissal. The first is that this court lacks subject matter jurisdiction over the second cause of action by reason of the sovereign immunity of the United States. The second is that the second cause of action is barred by 26 U.S.C. § 7421(a). The third ground is that the second cause of action fails to state a claim upon which relief can be granted. The fourth ground is that, with regard to the second cause of action, the Complaint fails to comply with the pleading requirements of Rule 8(a), Federal Rules of Civil Procedure, in that it does not contain a short plain statement of the grounds upon which the

Court's jurisdiction rests. Ground four is without merit and ground three depends on grounds one and two. Defendant's Motion is essentially a Rule 12(b)(6), Federal Rules of Civil Procedure, Motion to Dismiss for failure to state a claim upon which relief can be granted and will be treated accordingly. The bases for the Motion are what Defendant has labeled grounds for dismissal one and two.

 With regard to Defendant's first contention, which is that this suit insofar as the second cause of action is concerned, is barred by the sovereign immunity of the United States, it is true that the United States as a Sovereign is immune from suit except where Congress has waived the immunity by a specific statute. United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 86 L.Ed. 1327 (1941); Affiliated Ute Citizens v. United States, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). However, suits to enjoin the collection of taxes are allowed in certain narrowly limited circumstances. The United States Supreme Court has stated that notwithstanding the prohibition of 26 U.S.C. § 7421(a) which reads:

"Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person against whom the tax was assessed.",

a suit to restrain the collection of taxes may be brought if, (1) under no circumtances could the government ultimately prevail, and (2) equity jurisdiction otherwise exists. Enochs v. Williams Packing & Navigation Co., 370 U. S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). The reason for this rule is that in such circumstances the assessment is not a tax but is merely the guise of a tax. Both of the above-mentioned conditions must be satisfied to bring a

case into the limited range of exceptions to 26 U.S.C. § 7421(a). In Enochs v. Williams Packing & Navigation Co., *supra*, the Court stated:

". . . if Congress had desired to make the availability of the injunctive remedy against the collection of federal taxes not lawfully due depend on the adequacy of the legal remedy, it would have said so explicitly. Its failure to do so shows that such a suit may not be entertained merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise. This is not to say, of course, that inadequacy of the legal remedy need not be established if § 7421(a) is inapplicable; indeed, the contrary rule is well established."

■■ Plaintiff has wholly failed to establish either one of the prerequisites. He pleads no facts which show that Defendant can under no circumstances ultimately prevail, nor does he plead facts which establish the existence of equity jurisdiction. For the purposes of a Motion to Dismiss for failure to state a claim upon which relief can be granted, the Complaint is considered in the light most favorable to Plaintiff and the allegations in his Complaint are taken as true. However, only well pleaded facts are taken as true and mere conclusory allegations are not taken as true. 5 Federal Practice & Procedure, Wright and Miller, 1357.

■ Plaintiff has failed to show that under no circumstances will Defendant prevail on the merits of this case. It is well established that tax assessments are presumed to be valid. Plaintiff has the burden of setting forth well-pleaded facts from which a district court can conclude that the assessments were only in the guise of a tax. Cole v. Cardoza, 441 F.2d 1337 (Sixth Cir. 1971).

It appears from the pleadings which are before the Court at this time that a legitimate controversy as to the validity of the assessments in question exists. There is a legitimate controversy as to whether certain people are employees of Plaintiff or are independent contractors. It cannot be said that the Defendant has no chance of ultimately prevailing on the merits of this controversy by showing that the people involved were in fact employees of Plaintiff and that the assessment is not merely the guise of a tax.

Furthermore, there are no well pleaded facts which show that the equity jurisdiction of this Court in this case would otherwise exist. Plaintiff's conclusory allegation that he has been brought to the verge of bankruptcy by Defendant's tax lien is insufficient to establish the existence of equitable jurisdiction. Enochs v. Williams Packing & Navigation Co., *supra*. The remedies afforded for the determination of the validity and invalidity of the tax assessments appear adequate.

Therefore Defendant's Motion To Dismiss Plaintiff's Second Cause of Action should be sustained.